UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY T. ROBINSON,

    Petitioner,                            Civil No. 04-CV-70929-DT
                                            HONORABLE ARTHUR J. TARNOW
v.                                        UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Anthony T. Robinson, ("petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, M.C.L.A. 750.529; and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

      Petitioner was convicted following a bench trial in the Oakland County Circuit Court. The relevant facts regarding petitioner's conviction are set forth by the Michigan Court of Appeals' affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> Defendant claims that the entire case was a credibility contest between himself and the victim, his employer. Defendant alleges that on the day of the incident, he went to work to collect his pay and to notify his employer that he was quitting because of the increased work load and hours resulting from another employee quitting. After collecting his pay, defendant made his announcement and a physical fight ensued, which resulted in defendant punching the victim in the face several times. Defendant alleges that the victim's armed robbery charge was the fabricated result of the altercation. To the contrary, the victim testified that on the day of the incident he did not

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

owe defendant money because he had paid defendant the previous Saturday for the hours that he had worked.  Although Saturday was not the usual payday, he made an exception because defendant had just been released from prison and had no money and needed to buy clothes and shoes.  The victim further testified that on the day of the incident, which was the usual payday, defendant arrived at work and, shortly thereafter, when the victim's back was turned, defendant began choking him and then striking him on the head with what felt and looked like a pipe. Defendant demanded money and the victim complied by handing him the payroll cash.

There were no eyewitnesses to the incident, however, defendant apparently wanted to challenge the victim's credibility by presenting testimony from two other employees and his parole officer to establish the days that defendant worked and that his employer always paid his payroll in cash.  Defendant's attorney, he claims, did not pursue his request.  Defendant also requested a copy of the victim's medical and payroll records, which his attorney did not acquire.  Accordingly, in his motion for new trial, defendant argued that he was denied his right to present an effective defense, his right to a fair trial, and the effective assistance of counsel.  In support of his motion and request for evidentiary hearing, defendant attached his affidavit attesting to his requests.  At the hearing on the motion, the prosecutor argued that none of the evidence that could have been generated by defendant's alleged requests would have buttressed his defense that he did not commit an armed robbery against his employer.  The trial court agreed with the prosecution, holding that after hearing all of the evidence, the court resolved the credibility issue in favor of the victim, and that defendant's proposed evidence would not have "shed any light at all on what transpired that morning."
*People v. Robinson,* 238496, * 1-2 (Mich.Ct.App. November 24, 2003).
Petitioner's conviction was affirmed on appeal. *Id., lv. den.,* 469 Mich. 970; 671 N.W.

2d 881 (2003).  Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner was denied his right to present his defense by his trial counsel's failure to call available witnesses, and to present evidence in corroboration of petitioner's version of the events.  He was thereby denied a fair trial and received ineffective assistance of trial counsel.

> II. The trial court's refusal to conduct an evidentiary hearing so as to resolve the legal and factual issues regarding his claims of denial of a fair trial and ineffective assistance of counsel denied petitioner of his due process right to an "adequate and effective" appeal.

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

III.   Defense counsel's failure to investigate and develop the evidence supporting petitioner's version of the events, in combination with the trial court's refusal to allow an evidentiary hearing, denied petitioner Robinson a fair trial and his constitutional right to present a defense.

IV.  Petitioner was denied a fair trial and his rights of confrontation, where the Korean interpreter stepped outside his legitimate role by engaging in extensive dialogue with the complaining witness, where the interpreter was not a qualified expert, and where the court did not sufficiently control and restrain the interpreter.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

3

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

*Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  The ineffective assistance of counsel claims.**

In his first and third claims, petitioner alleges that he was denied the effective assistance of trial counsel. In his second claim, petitioner contends that the trial court erred in refusing to conduct an evidentiary hearing on these claims.           To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In his first and third claims, petitioner claims that counsel was ineffective for failing to present testimony from two other employees and his parole officer to establish the days that petitioner worked at the victim's business and to show that the victim always paid his employees in cash. Petitioner further claims that counsel failed to

4

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

obtain a copy of the victim's medical and payroll records and failed to request that the alleged weapon be tested for the blood. Petitioner contends that this evidence would have corroborated his defense.

The Michigan Court of Appeals rejected petitioner's claim, ruling that the proposed evidence that petitioner alleged should have presented could not have provided an effective defense against the charge, because establishing the days that petitioner worked for the victim and that he was always paid in cash would not disprove that petitioner unlawfully took money from the victim while armed with a dangerous weapon. *People v. Robinson,* Slip. Op. At * 2.

While the Sixth Amendment requires an attorney to look for evidence that corroborates his defense, it does not require an attorney to look for "marginally relevant and indirectly beneficial evidence." *See Hendricks v. Calderon*, 70 F. 3d 1032, 1040 (9th Cir. 1995). The type of corroborating evidence that petitioner wanted introduced was "so tenuously related to the defense" that it belongs in a category of evidence in which the decision to search for it or neglect it is left to the attorney's discretion. *Id.* Because this evidence would not have shed any additional light on petitioner's case or supported his defense, the Michigan Court of Appeals' rejection of his ineffective assistance of counsel claim was not unreasonable. *See United States ex. rel. Haqq v. Carter,* 176 F. Supp. 2d 820, 830-31 (N.D. Ill. 2001).

The victim testified about his medical treatment and Officer Danshevskay testified that there was no blood found on the pipe that was alleged to have been used by petitioner during the robbery. Trial counsel was therefore not ineffective in failing to

5

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

present corroborating evidence to there being no blood on the pipe that would have been cumulative of the evidence already presented. *See e.g. Chu Young Yi v. Gearinger,* 139 F. Supp. 2d 1393, 1421-22 (N.D. Ga. 2001).

Finally, petitioner is unable to show that he was prejudiced by counsel's alleged ineffectiveness in light of the fact that the same trial judge who convicted petitioner at his bench trial was "unmoved" by this additional evidence when it was presented to him in petitioner's post-trial motion for a new trial. *See Dunham v. Travis,* 313 F. 3d 724, 732 (2nd Cir. 2002).  Petitioner is not entitled to habeas relief on his first and third claims.

Petitioner is also not entitled to habeas relief on his second claim.  Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  This Court cannot consider petitioner's claim that the failure of the Michigan courts to conduct an evidentiary hearing violated his Fourteenth Amendment rights, since only a violation of state law is involved. *Cf. United States ex. rel. Maxwell v. Gilmore*, 37 F. Supp. 2d 1078, 1095-96 (N.D. Ill. 1999)(rejecting claim involving state trial court's failure to conduct a post-conviction evidentiary hearing).  Petitioner is not entitled to habeas relief on his second claim.

**B. The court interpreter claim.**

Petitioner next argues that he was denied a fair trial because the Korean interpreter obtained to assist the victim was not a qualified expert and interfered with petitioner's right of confrontation by failing to provide a verbatim translation of the

6

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

victim's testimony.

The Michigan Court of Appeals rejected petitioner's claim, because petitioner failed to object to the interpreter's qualifications or translations at the time of the contested testimony. The Michigan Court of Appeals further noted that the Korean interpreter was only used intermittently, because the victim was able to speak and understand English fairly well. *People v. Robinson,* Slip. Op. at * 2-3. Although there were a couple of instances where the victim and the interpreter had a few exchanges of dialogue in Korean which were not translated, the exchanges were short and were interrupted by the trial court judge. The Michigan Court of Appeals concluded that "the occasional and minor lapses in simultaneous and literal translation" did not deprive petitioner of his right of confrontation or render the trial fundamentally unfair. *Id.* at 3.

Habeas corpus relief is available only if a petitioner can demonstrate that a trial court's action regarding the use of an interpreter denied petitioner a fundamentally fair trial. *Montano v. Shelton*, 961 F. Supp. 252, 255 (D. Kan. 1997)(citing *United States v. Sanchez*, 928 F. 2d 1450, 1455 (6th Cir. 1991)). Normally, however, rulings on the appointment and qualifications of an interpreter do not reach constitutional proportions. *Fairbanks v. Cowan*, 551 F. 2d 97, 99 (6th Cir. 1977). Additionally, a habeas petitioner's claim of mistranslation by an interpreter does not raise a Confrontation Clause issue where defense counsel did not question the qualifications of the interpreter at trial and made no objection to his or her use. *Soap v. Carter*, 632 F. 2d 872, 874-75 (10th Cir. 1980).

Petitioner failed to object to the qualifications of the interpreter. More

7

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

importantly, there were only minor lapses in the simultaneous translation of the victim's testimony. The lack of a verbatim translation of a non-English speaking witness's testimony does not deny a defendant the right to confront and cross-examine a witness, where the defendant fails to identify any specific instance of prejudice connected to mistranslated or untranslated statements. *Rodriguez v. Young,* 906 F. 2d 1153, 1167 (7th Cir. 1990). "[W]hile the general standard for interpreters requires continuous word-for-word translation, occasional lapses in the standard will not necessarily contravene a defendant's constitutional rights." *United States v. Long,* 301 F. 3d 1095, 1105 (9th Cir. 2002). Because petitioner has failed to show any specific instance of prejudice connected with the alleged mistranslation of the victim's testimony, he has failed to state a claim upon which relief can be granted.

*Robinson v. Wolfenbarger,* 04-CV-70929-DT

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary