UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY T. ROBINSON,

    Petitioner,                             Civil No. 04-CV-70929-DT
                                               HONORABLE ARTHUR J. TARNOW
v.                                             UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,

_____/

**OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL IN FORMA PAUPERIS**

On April 5, 2006, the Court issued an opinion and order denying the petition for writ of habeas corpus. Petitioner has now filed a motion for a certificate of appealability and a motion for leave to appeal *in forma pauperis*. For the reasons stated below, the Court will GRANT the motions for a certificate of appealability and for leave to appeal *in forma pauperis.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

*Robinson v. Wolfenbarger,* 04-70929-DT

### A. The ineffective assistance of counsel claims.

In his first and third claims, petitioner contended that he was deprived of the effective assistance of trial counsel. In his second claim, petitioner contended that the state court erred in denying his ineffective assistance of counsel claims without conducting an evidentiary hearing.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). In light of the fact that petitioner's trial was essentially a credibility contest between the victim and petitioner, petitioner has made a substantial showing of the denial of a constitutional right with respect to his first three claims. Because jurists of reason would find the Court's resolution of petitioner's ineffective assistance of counsel claims to be debatable, the Court will grant a certificate of appealability with respect to petitioner's first, second, and third claims. *See Petrocelli v. Angelone,* 248 F. 3d 877, 887 (4th Cir. 2001).

### B. The court interpreter claim.

Petitioner next argued that he was denied a fair trial because the Korean interpreter obtained to assist the victim was not a qualified expert and interfered with petitioner's right of confrontation by failing to provide a verbatim translation of the victim's testimony.

Courts have issued a certificate of appealability on Confrontation Clause claims

2

*Robinson v. Wolfenbarger,* 04-70929-DT

where the issue presented a "close question". *See Bui v. DiPaolo*, 985 F. Supp. 219, 229 (D. Mass. 1997). In light of the fact that the complainant was the only witness to incriminate petitioner, the Court believes that petitioner is entitled to a certificate of appealability on his fourth claim.

The Court will also grant petitioner leave to appeal *in forma pauperis* (IFP). A court may grant IFP status if the Court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Because this Court is granting a certificate of appealability, this Court does not find that petitioner's appeal was not undertaken in good faith and will grant his request for leave to appeal *in forma pauperis*.

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability is **GRANTED** with respect to all four claims in the petition**.**

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* is **GRANTED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary